# Frank Neish Advertising, Inc. v. Olympic International Airlines, Inc.

*James M. Duffy,* for plaintiff.

RIAL, *J.*, March 7, 1977 — This case arises before this court as a result of the plaintiff's objections to the sheriff's determination of ownership of certain property which is the subject matter of the above-captioned action.

Defendant, Olympic International Airlines, Inc., hereinafter referred to as Olympic, purchased one aircraft (Model DC-3, Serial No. 9968) from Skyways, Inc., on or about May 13, 1971, and such conveyance was recorded with the FAA on or about June 6, 1971, pursuant to the Federal Aviation Act of August 23, 1958, 49 U.S.C.A. §1403, 72 Stat. 772, §503, as amended.

On or about February 10, 1975, Olympic mortgaged its aircraft to the plaintiff-creditor, Frank J. Kelly and Frank Neish Advertising, Inc., hereinafter referred to as plaintiffs, for a total amount of $5,000. A security agreement was drawn up and executed by and between Olympic and plaintiffs on February 10, 1975.

A chattel mortgage was duly recorded with the FAA pursuant to the Federal Aviation Act of 1958, sec. 503, 49 U.S.C.A. §1403.

Defendant defaulted on or about August 10, 1975, some six months after the chattel mortgage was executed.

The sheriff of Westmoreland County was issued a writ of execution by the prothonotary of Al-

legheny County whereby the sheriff of Westmoreland County was directed to execute a sale upon the aircraft. The sheriff scheduled such sale for March 3, 1976.

On or about February 27, 1976, Olga K. Toth filed a property claim with the sheriff's office whereby she averred that she was the true owner of the aircraft in question. The property claim sets forth that the plane was purchased by Olga K. Toth on or about January 24, 1975.

The sheriff made a determination in favor of claimant, Olga K. Toth. The sheriff of Westmoreland County mailed plaintiff's objection to Olga K. Toth on or about March 3, 1976, to which no reply has been made. The aircraft has presently remained subject to the levy of the sheriff of Westmoreland County. To this date, there appears no appearance on behalf of Olga K. Toth on the record nor any answer filed to plaintiff's objection to the sheriff's determination.

Plaintiffs rely upon a number of cases regarding their position as to the effectiveness of the chattel mortgage.

In Pope v. National Aero Finance Co., Inc., 236 Cal. App. 722, 46 Cal. Rptr. 233 (1965), the Supreme Court of California held: "Persons who claim ownership of aircraft, have the duty to record the documents under which they claim ownership; failing to do so, they are not entitled to priority over a chattel mortgagee." (Syllabus).

It appears to this court that the leading case in this type of controversy is Marsden v. Southern Flight Services, Inc., 227 F. Supp 411 (M. D. No. Car. 1961), wherein the U.S. District Court ruled that where a purchaser of an aircraft failed to record his bill of sale until after the vendor had

executed a chattel mortgage to a finance company, which assigned the mortgage to a bank, and both the mortgagee and the assignee had relied upon the recorded title which was in the vendor as was listed in the FAA file; inasmuch as the mortgagee and assignee were without actual notice of the prior sale, the chattel mortgage, under 49 U.S.C.A. §1403, constituted a valid lien upon the aircraft in the possession of the purchaser. Thus, the purchaser's title and right in respect to it were subject to the lien.

The court concluded that the assignee of the chattel mortgage was ". . .entitled to the immediate possession of said aircraft for the purpose of foreclosing the lien of the said chattel mortgage."

In the present case, plaintiffs had duly recorded their chattel mortgage on or about March 13 and April 29, 1975. Therefore, plaintiffs were without notice of any alleged conveyance since there was no conveyance listed on the FAA record.

In the present case, it is this court's opinion that claimant, Olga K. Toth, has not set forth a valid claim nor proven to this court that she has the rightful title and ownership of the aforementioned aircraft and therefore, this court enters the following

## ORDER

And now, March 7, 1977, it is hereby adjudged and decreed that plaintiff's objections to the sheriff's determination are hereby sustained and the property claim of Olga K. Toth is disallowed and dismissed and the execution may proceed.